# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEVIN TAMAR DAVIS,**

        **Petitioner,**

    **v.**                                  **CASE NO. 19-3062-SAC**

**DAN SCHNURR,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a habeas corpus action filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody[1], challenges an administrative decision made by the Kansas Department of Children and Families (DCF)(formerly known as the Department of Social and Rehabilitation Services) classifying him as a perpetrator of sexual abuse and requiring him to register on the state Child Abuse Registry for a period of three years. He proceeds pro se and submitted the filing fee.[2]

### Nature of the Petition

The petition states five grounds for relief, namely, (1) the presiding officer of the Kansas Department of Children and Families (DCF) abused his discretion by denying petitioner's motion to dismiss; (2) because the victim's age was 21 at the time appellate review concluded placement on the registry was not warranted; (3) because the DCF caseworker left her employment, her findings are moot; (4) the DCF violated state law and petitioner's constitutional rights;

---

[1] Petitioner was convicted of two counts of aggravated indecent liberties with a child and sentenced to two consecutive terms of 25 years to life. *State v. Davis*, 416 P.3d 171 (Table), 2018 WL 1770207 (Kan. Ct. App. Apr. 13, 2018).
[2] Because petitioner has paid the filing fee, the Court denies as moot his motion to proceed in forma pauperis.

and (5) the DCF did not properly notify petitioner of conversion under state law and denied petitioner due process.

Petitioner pursued administrative relief through the DCF and later challenged his placement on the registry in the state courts. *Davis v. Kansas Department for Children and Families*, 410 P.3d 164 (Table), 2018 WL 671166 (Kan. Ct. App. Feb. 2, 2018), *rev. denied*, Oct. 30, 2018.

### Discussion

A petition under 28 U.S.C. § 2254 is used to challenge the validity of a conviction and sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The present action, however, does not attack petitioner's criminal case. Rather, because petitioner challenges a state administrative decision after that matter was adjudicated in the state courts, the Court liberally construes this matter as an action filed under 42 U.S.C. § 1983[3].

"[F]ederal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 ... to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Bolling v. City & Cty. of Denver, Colo. By & Through McNichols*, 790 F.2d 67, 68 (10th Cir. 1986) (internal quotation marks omitted) (citation omitted). "[A] state court decision affirming a state agency determination is entitled to preclusive effect, so long as the state court proceeding provided the parties with a full and fair opportunity to litigate the case." *Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir.

---

[3] Petitioner appears to recognize that this action does not present a claim concerning his criminal case, as he filed a motion for leave for an order of nunc pro tunc (Doc. 6) seeking to name the DCF as the responding party and stating that he "is not serving nor held in custody …for this alleged sexual abuse allegation." Doc. 6, p.3.

2008) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 485 (1982)).

In addition, because petitioner is challenging the state court decision upholding his placement on the child abuse registry, his challenge is a collateral attack barred by the *Rooker-Feldman* doctrine. That doctrine establishes that a federal district court lacks jurisdiction to review a final state court judgment because only the Supreme Court has jurisdiction to hear appeals from final state court judgments. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). The doctrine prevents a party who lost in state court proceedings from pursuing "what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Accordingly, federal courts considering similar challenges to offender registry requirements have dismissed them for lack of jurisdiction. *See, e.g.*, *E.B. v. Verniero*, 119 F.3d 1077, 1090-92 (3rd Cir. 1997)(applying *Rooker-Feldman* doctrine to action challenging offender registration provisions in New Jersey); *Denoma v. Kasich*, 2015 WL 9906255 *11 (S.D. Ohio Nov. 2, 2015)(applying doctrine to claim challenging state court reclassification of plaintiff as a sexual offender subject to registration requirements); *Zuneska v. Cuomo*, 2013 WL 431826 *3-5 (E.D.N.Y. Feb. 1, 2013)(applying doctrine against claim seeking to bar opposition to plaintiff's declassification as a sexual offender); *Skaggs v. Sanky*, 2012 WL 243329 *2 (D. Neb. Jan. 25, 2012)(summary dismissal under doctrine of claim seeking removal from sex offender registry).

Having considered the record, the Court finds first, that the Kansas courts provided plaintiff with a forum that allowed him a full

and fair opportunity to present his claims, as the decision of the Kansas Court of Appeals contains a detailed analysis of his arguments. Likewise, the Court finds this case presents the type of collateral attack on a state court judgment that is barred by the *Rooker-Feldman* doctrine. For these reasons, the Court concludes this matter must be summarily dismissed, as the state court decision is entitled to preclusive effect, and, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider the plaintiff's challenge.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 4) and motion for order nunc pro tunc (Doc. 6) are denied as moot.

**IT IS SO ORDERED.**

DATED: This 26th day of February, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge